IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

STEPHEN E. WEBB, et al.,           )
                                    )
         Plaintiffs,                )
                                    )
vs.                                 )    Case No. 07-0403-CV-W-ODS
                                    )
OFFICEMAX, INC., et al.,            )
                                    )
         Defendants.                )

ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs filed a Petition in Jackson County (Missouri) Circuit Court in August 2005. An Amended Petition was filed on July 1, 2006, and a Second Amended Petition was filed on May 1, 2007. The last amendment added additional defendants, who then removed the case to federal court. Pending is Plaintiff's Motion to Remand (Doc. # 3), which is granted.

Plaintiffs are citizens of Missouri. All of the corporate defendants are incorporated in states other than Missouri, and while the point is not clarified the Court presumes their principal places of business are also outside Missouri. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."). Commercial Investors, L.P. is a limited partnership formed under the laws of Kansas, but this is not determinative of its citizenship. "[F]or diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited." Buckley v. Control Data Corp., 923 F.2d 96, 97 (8th Cir. 1991) (citing Carden v. Arkoma Assocs., 494 U.S. 185 (1990)). Neither side has identified Commercial Investors' citizenship, but only Defendants were obligated to do so. As the party or parties invoking federal jurisdiction, Defendants bear the burden of demonstrating the case could have been filed in federal court originally. E.g., James Neff Kramper Family

Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). The Court has no reason to believe diversity of citizenship exists.[1]

Additionally, Plaintiffs contend Defendant Michael Nix is a citizen of Missouri. Nix has not been served, but his citizenship must still be considered when ascertaining whether diversity of citizenship exists. Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981). Because Defendants seeks to remove the case to federal court, they bear the burden of demonstrating Nix is not a citizen of Missouri. Id. at 1161. The critical point in time for ascertaining Nix's citizenship is the date the case was removed. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939).

Defendants contend they have satisfied their burden by presenting evidence demonstrating Nix (1) is no longer employed by Defendant Pioneer General Contractors, Inc. ("Pioneer"), (2) does not live at his last known address, (3) is originally from and has family in Texas, and (4) lived in Wyoming when he was hired by Pioneer. Various attempts to locate him in Missouri have failed; addresses were found in Wyoming, Texas and Colorado, but there is no further information about those addresses (including, particularly, any indication that any one of them is current).

An individual's residence does not automatically dictate his citizenship. "Citizenship is determined by a person's physical presence in a state along with his intent to remain their indefinitely." Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). Once established, a person retains their citizenship until he establishes citizenship in a different state; that is, until he is present in another state and intends to stay there indefinitely. Id. at 769.

There appears no doubt that Nix established citizenship in Missouri. Therefore, Nix's citizenship remains in Missouri unless and until it is established that he has moved to another state and intents to stay there indefinitely. Defendants bear this burden, but have not satisfied it. They cannot establish Nix has left Missouri, or if he has that he

---

[1] As noted, no party addressed Commercial Investors' citizenship. However, the Court is obligated to address matters of subject matter jurisdiction even if they are not raised by the parties. E.g., Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991).

intends to stay wherever he is indefinitely. Consequently, the Court cannot conclude diversity of citizenship exists.

The Motion to Remand is granted and the case is remanded to the Jackson County (Missouri) Circuit Court.

IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, JUDGE
DATE: June 25, 2007                       UNITED STATES DISTRICT COURT